UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEE W. RAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HEIDI GROSSENHEIDER, | ) No. 4:07-CV-1179 CEJ |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3), Fed.R.Civ.P. Plaintiff has filed a memorandum in opposition, and the issues are fully briefed.

The plaintiff in this diversity action seeks to recover damages for injuries allegedly sustained as a result of the defendant's negligence. In the complaint, plaintiff alleges that he sustained neck and back injuries in an automobile accident caused by defendant. Plaintiff prays for a judgment "in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of suit." Defendant asserts that the jurisdictional amount in controversy does not exist and, therefore, the complaint must be dismissed.

A district court has original jurisdiction over a civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A party can satisfy the jurisdictional amount only if "the fact finder could legally conclude, from the

pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). "[A] complaint that alleges the jurisdictional amount in good faith is sufficient to confer jurisdiction, unless it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount,'" in which case the complaint will be dismissed. Moss v. Casey's General Stores, Inc., 2007 WL 2084112 at *2 (W.D. Mo. 2007), quoting Kopp, 280 F.3d at 884. The party invoking federal jurisdiction must prove the jurisdictional amount by a preponderance of the evidence. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). Federal courts are required to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 335 (1969).

In his complaint, plaintiff alleges that he suffered back and neck injuries (including two herniated discs), pain and disability, and lost wages. Plaintiff does not indicate whether his injuries are permanent. He does not provide the amount of his lost wages, but states that his medical expenses total approximately $10,070.57. Plaintiff does not state that because of his injuries he expects to incur additional medical bills in the future.

The Court finds that the plaintiff has not met his burden to show by a preponderance of the evidence that he can satisfy the jurisdictional amount.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [Doc. #6] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2008.